MH

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jeison Arbeiri Escalona Plaza,
Petitioner,
v.
Unknown Party, et al.,
Respondents.

No. CV-26-03505-PHX-MTL (MTM)

**ORDER**

Petitioner Jeison Arbeiri Escalona Plaza has filed a Petition Under 28 U.S.C. § 2241 (Doc. 1) challenging his immigration detention. The Court will deny the Petition and dismiss this action.

## I. Petitioner's § 2241 Petitions

On January 13, 2026, Petitioner filed his first petition for writ of habeas corpus challenging his immigration detention in *Plaza v. Rosa*, CV-26-00195-PHX-MTL (MTM). In a March 16, 2026 Order in that case, the Court denied the Petition and dismissed the case, concluding Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See* Doc. 13 in CV-26-00195.

On May 18, 2026, Petitioner filed the current § 2241 Petition. He states therein that after entering the United States in 2022 and being detained for a short period of time, he was released on his own recognizance. (Doc. 1 at 6.) According to Petitioner, he was re-detained on December 18, 2025, without explanation, even though he had complied with all reporting requirements and had an asylum application pending. (*Id.*).

In Grounds One through Four of the Petition, Petitioner claims that his continued detention violates the Due Process Clause. In Ground Three of the Petition, Petitioner also asserts that his detention violates the Immigration and Nationality Act. Petitioner seeks release from custody.

**II. Discussion**

To the extent Petitioner challenges his detention during the pendency of removal proceedings, the Court again rejects that argument. As explained in the Court's March 13, 2026 Order in CV-26-00195, Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) because he entered the United States without being admitted and is not clearly and beyond a doubt entitled to admission. *See* Doc. 13 in CV-26-00195 (citing *Buenrostro-Mendez v. Bondi*, — F.4th —, 2026 WL 323330 (5th Cir. Feb. 6, 2026)). The Supreme Court has determined there is no statutory right to periodic bond hearings for aliens detained mandatorily during the pendency of removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Until [removal proceedings end] nothing in the statutory text imposes any limit on the length of detention. And neither [8 U.S.C.] § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.")). And while *Jennings* did not address whether such a right exists under the Constitution, the Supreme Court subsequently held that an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Accordingly, Petitioner is not entitled to a bond hearing under statutory or constitutional authority, and his Petition will be denied without prejudice.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 20th day of May, 2026.

Michael T. Liburdi
United States District Judge